IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ASENCION GAONA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0171 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On May 18, 2005, petitioner ASENCION GAONA filed[1] a Petition for a Writ of Habeas

Corpus by a Person in State Custody which was transferred to this Court on June 9, 2005.  By his

habeas application, petitioner GAONA is challenging the result of a December 20, 2004 prison

disciplinary proceeding.  The disciplinary proceeding took place at the Clements Unit in Potter

County, Texas.  As of the date the instant habeas application was filed, petitioner was still

incarcerated at the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a

writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised

release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued

good time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his habeas

application,  petitioner has not advised why he is in respondent's custody, however, petitioner

---

[1]*See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

has conceded that he is not eligible for mandatory supervised release.  Further, from the

documentation petitioner has provided the Court and based on petitioner's recitation of all the

punishment imposed, it appears petitioner did not lose any previously accrued good time credits.

Consequently, petitioner is not entitled to federal habeas corpus relief.


RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the petition for a writ of habeas corpus filed by petitioner

ASENCION GAONA be DENIED.


INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of June 2005.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern

District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).